Dear Mr. Hunter:
This opinion is in response to your question asking:
 Can contractors and subcontractors doing public works under the Prevailing Wage Law at sections 290.210 through 290.340 pay less than the specified wage rate designated on the wage determinations for apprentices, and, if so, must the apprentices be in a formalized program recognized by the Federal Bureau of Apprenticeship Training of the Federal Department of Labor, and can the payment of apprentices at a lower wage than that specified in the determination be reconciled with section 290.210(5)?
Section 290.210(5), RSMo 1986, provides:
 290.210. Definitions. — As used in sections 290.210 to 290.340, unless the context indicates otherwise:
* * *
 (5) "Prevailing hourly rate of wages" means the wages paid generally, in the locality in which the public works is being performed, to workmen engaged in work of a similar character including the basic hourly rate of pay and the amount of the rate of contributions irrevocably made by a contractor or subcontractor to a trustee or to a third person pursuant to a fund, plan or program, and the amount of the rate of costs to the contractor or subcontractor which may be reasonably anticipated in providing benefits to workmen and mechanics pursuant to an enforceable commitment to carry out a financially responsible plan or program which was communicated in writing to the workmen affected, for medical or hospital care, pensions on retirement or death, compensation for injuries or illness resulting from occupational activity, or insurance to provide any of the foregoing, for unemployment benefits, life insurance, disability and sickness insurance, accident insurance, for vacation and holiday pay, for defraying costs of apprenticeship or other similar programs, or for other bona fide fringe benefits, but only where the contractor or subcontractor is not required by other federal or state law to provide any of the benefits; provided, that the obligation of a contractor or subcontractor to make payment in accordance with the prevailing wage determinations of the department, insofar as sections 290.210 to 290.340 are concerned, may be discharged by the making of payments in cash, by the making of irrevocable contributions to trustees or third persons as provided herein, by the assumption of an enforceable commitment to bear the costs of a plan or program as provided herein, or any combination thereof, where the aggregate of such payments, contributions and costs is not less than the rate of pay plus the other amounts as provided herein.
In response to your question a discussion of the underlying purpose of the Prevailing Wage Law and the public policy behind it is important. The prevailing wage as defined in Section 290.210(5) refers to the wage paid generally in the locality in which the public works are being performed, to workmen engaged in work of a similar character. To find that the prevailing wage rate schedule to be paid on public works as defined in Section 290.210(7), RSMo 1986, will not recognize apprenticeship wages is to overlook the fact that persons employed as apprentices in various construction trades are not engaged in work of a sufficiently similar character to the workmen employed in those crafts. Inasmuch as apprentices are learners and are less skilled and effective, the requirement of full scale payment of wages would discourage the hiring and training of apprentices in the construction crafts. The payment of full scale wages to apprentices also ignores the fact that apprentices, being learners, are not engaged in the full range of duties as the craftsmen, or journeymen employed, in those crafts.
The payment of reduced scale for apprentice craftsmen is possible only if apprentice programs are implemented with sufficient guidelines and standards to insure that payments made to apprentice training funds as outlined in Section290.210(5) reach the objective intended. The Missouri Prevailing Wage Law lacks a provision to establish necessary prerequisites for acceptable apprentice programs. If an apprenticeship program is in operation, the statute requires that payment for apprentice training funds, if applicable, be withheld by the contractor and paid to the third party or trustee of those funds. Section 290.210(5), RSMo 1986.
The Missouri Division of Labor Standards has historically allowed as acceptable the payments to apprenticeship training funds that were approved by the federal Bureau of Apprenticeship, United States Department of Labor. The necessary prerequisite for acceptable apprenticeship training funds entails substantial conformity with certain standards prior to the employment of the apprentice at below the applicable wage for the construction craft at issue. The above-mentioned standards are found at 29 CFR Chapter V, Parts 521.1 through 521.11.
The adherence to these requirements by contractors employing apprentices on prevailing wage projects is justified for two reasons: The first justification for adherence to federal standards is that the Missouri Department of Labor and Industrial Relations pursuant to Section 290.240, RSMo 1986, is empowered to establish rules and regulations to enforce generally the provisions of the Missouri Prevailing Wage Law and the standards of apprenticeship is a matter that must be determined and enforced by the Missouri Division of Labor Standards within that department. The Division's adherence to federal standards for apprentice training programs insures uniformity and predictability to contractors bidding on prevailing wage projects in Missouri. The second justification for the Division's adherence to federal standards is that the substantial portion of federally matched funds for public construction in Missouri require a wage determination from the federal Department of Labor under the Davis-Bacon Act, 40 U.S.C. § 276a, et seq., wherein the above-cited criteria for apprentice training funds apply. To have apprentice training requirements substantially different from the requirements for federal Davis-Bacon projects may unnecessarily confuse or financially burden contractors who wish to submit bids on public works in Missouri.
In conclusion it is the opinion of this office that the Missouri Prevailing Wage Law allows the payment of reduced scale wages to apprentices engaged in an approved apprentice program as outlined in 29 CFR Chapter V, Parts 521.1 through 521.11, and that this reduced scale is not inconsistent with Section 290.210(5), RSMo 1986.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General